IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BARBARA SUMMEY MARSHALL; MAYA VALRISSA LOUISE MARSHALL; and CLIFTON ROBERTO MARSHALL III, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:16CV550 |
| AMERICAN BROADCASTING COMPANIES, INC.; FAMILY ENDEAVORS; HEATHER BLACK; NAT ROBERTSON, Mayor of the City of Fayetteville; EARL BUTLER, Sheriff of Cumberland County; LARISA WHITT; TRAVIS PEARSON; BARBARA SPIGNER; CRYSTAL SPIGNER WILLIAMS; ALLEN ROGERS; BILLY R. KING; LAREENA J. PHILLIPS, Assistant Attorney General of North Carolina; FAYETTEVILLE OBSERVER; JENNIFER T. HARROD, Special Deputy Attorney General of North Carolina; BLUE RIDGE LOG CABINS INC.; HONORABLE ROBERT A. MCDONALD, Veterans Affairs Department; ENDEMOL SHINE NORTH AMERICA; and DOES 1-50 | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

THOMAS D. SCHROEDER, District Judge.

Plaintiffs, appearing pro se, claim that a broad range of Defendants harmed them in their operation of a shelter for homeless female veterans and their children after the shelter became the subject of a television "make-over" show. Before the court are a

host of motions. Plaintiffs have submitted a "motion and petition for joining complaint and amended to pleadings" (Doc. 43); a "Motion and Petition for Amended Complaint Request to Serve Defendants Added Since Original Complaint" (Doc. 68); two motions for "joinder" (Docs. 46, 47); a "Motion for Order of Protection" (Doc. 98); a "Motion for Order of Protection and Request for Hearing" (Doc. 101); and four motions for oral argument/hearings (Docs. 71, 91, 92, and 98). Three women (designated "Friends and Supporters") have also filed motions to submit amicus briefs on Plaintiffs' behalf (although no proposed brief has been submitted). (Docs. 93, 94, and 95.)

The following Defendants have submitted motions to dismiss the amended complaint (Doc. 41): Nat Robertson (Doc. 48); Earl Butler (Doc. 51); Heather Black (Doc. 53); Jennifer T. Harrod and Lareena J. Phillips (Doc. 56); Billy R. King and Allen W. Rogers (Doc. 59); Family Endeavors, Travis Pearson, and Larisa Whitt (Doc. 62); and the American Broadcasting Company ("ABC") (Doc. 73). Collectively, these Defendants cite multiple fatal flaws in Plaintiffs' lawsuit. ABC's motion to dismiss asserts, among other grounds, that this court lacks subject matter jurisdiction over Plaintiffs' claims. The other Defendants assert multiple grounds for dismissal, including insufficiency of process and service of process, improper venue, and failure to state a claim. Plaintiffs have not directly responded to Defendants' motions but have filed

2

"motions to dismiss" the Defendants' motions to dismiss (Doc. 85; Doc. 87), which the court will treat as responses to those motions.

For the reasons that follow, the court is compelled to conclude that Plaintiffs' federal claims cannot proceed and, declining to exercise jurisdiction over any purported State claims, the court will dismiss the action without prejudice.

I.  **BACKGROUND**

Viewed in the light most favorable to Plaintiffs, the operative facts are as follows:

Plaintiffs claim that in 2005, apparently in or around Fayetteville, North Carolina, they opened their home to "homeless women veterans and their children" and that, in 2011, Defendant ABC approached them to consider their home for its "Extreme Makeover show" through which ABC would renovate the structure and feature it on television. (Doc. 41 at 2.) After the renovation was complete, however, the local community "excessively criticized, scrutinized, and villainized" them, as it "was unprepared and unaccepting of a house of that magnitude being dedicated to the honor of women veterans." (Id. at 3.) Plaintiffs claim that the local print media attacked them, their organization, and their clients, and that they endured "violent hatred, hostility, death threats, racial discrimination, disability discrimination, jail time," and other harms. (Id. at 3-4.) The amended complaint mentions "emotional distress," physical and

financial harms, and various types of discrimination, and requests damages, attorneys' fees, exemplary relief, and equitable relief. (Id. at 10.) The amended complaint's allegations of wrongdoing are highly generalized and conclusory but appear to arise out of Plaintiff Barbara Marshall's removal, legally and physically, from her involvement with the shelter following legal action.

Defendant ABC argues primarily that the court lacks subject matter jurisdiction over Plaintiffs' federal claims. The other Defendants, as well, argue that Plaintiffs' allegations are so lacking in substance as to deprive the court of federal question jurisdiction and, in the alternative, fail to contain sufficient factual matter to make them plausible. Even though Defendants contend they have meritorious defenses based on other grounds, such as improper venue and failure of both process and proper service of process, they urge the court to nevertheless dismiss the case on the merits "[g]iven the numerous barriers to Plaintiffs maintaining a successful case." (See Doc. 57 at 5.)

**II. ANALYSIS**

"The plaintiff has the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp., 166 F.3d 642, 647 (4th Cir. 1999) (citing Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to

4

regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" Id. (citing Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768). "The district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'" Id. (citing Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768).

"When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief. In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff." Armstrong v. Rolm A. Siemans Co., 129 F.3d 1258 (4th Cir. 1997) (citations omitted). However, the liberal construction of a pro se plaintiff's pleading does not require the court to ignore clear defects in pleading, Bustos v. Chamberlain, No. 3:09-1760-HMH-JRM, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to "conjure up questions never squarely presented in the complaint," Brice v. Jenkins, 489 F. Supp. 2d 538, 541 (E.D. Va. 2007) (internal quotation marks and citation omitted). Nor does it require that the court become an advocate for the unrepresented

5

party.  Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

Plaintiffs claim that this court's jurisdiction over their claims rests on the existence of a federal question, see 28 U.S.C. § 1331, invoking Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"), the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq. ("FHAA"), and, for the first time in a response brief (Doc. 78 at 9), the Notification and Federal Employee Antidiscrimination and Retaliation Act, 5 U.S.C. § 2301 et seq. (the "No-FEAR Act") (Doc. 41 at 4).  Plaintiffs also invoke "the Diversity of Citizenship" to support venue in this court.  (Id.)

As to federal question jurisdiction, the court does not lack authority to act simply because a claim lacks merit or is doubtful. But "[a] claim is too 'insubstantial and frivolous' to support federal question jurisdiction when it is 'obviously without merit.'" Herero People's Reparations Corp. v. Deutsche Bank, A.G., 370 F.3d 1192, 1194–95 (D.C. Cir. 2004) (quoting Hagans v. Lavine, 415 U.S. 528, 538 (1974)).  The four federal statutes Plaintiffs invoke are largely irrelevant to the harms they allege and clearly provide them no relief.[1]  The court will address each in turn.

---

[1] Even if this court's jurisdiction were debatable, the utter lack of factual support for the federal claims would not alter the conclusion

6

Title VII of the Civil Rights Act of 1964 protects employees from certain types of discrimination in employment and prohibits an employer from "discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment" based on a protected characteristic. Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (citing 42 U.S.C. § 2000e–2(a)), aff'd sub nom. Coleman v. Ct. of Appeals of Md., 566 U.S. 30 (2012). Plaintiffs do not allege that any Defendant employed them (see generally Doc. 41 at 5-10), so Title VII does not apply to their claims. Furthermore, Plaintiffs do not allege that they have sought relief from the Equal Employment Opportunity Commission – a prerequisite to filing a Title VII lawsuit in federal court, and "federal courts lack subject matter jurisdiction over Title VII claims for which a plaintiff has failed to exhaust administrative remedies," Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 406 (4th Cir. 2013) (citations omitted).

---

that dismissal is warranted. In addition, only Plaintiff Barbara Summey Marshall has signed the amended complaint. Pro se litigants must each sign the complaint, and no pro se litigant can purport to represent anyone else. See Fed. R. Civ. P. 11(a). The other two Plaintiffs have attempted to remedy this defect with yet another amended complaint. (Doc. 68). The motion to amend is futile, however, because even if the court granted it, the proposed amended complaint does not cure the defects in the purported federal claims. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (leave to amend complaint may be denied when the amendment would be futile).

Plaintiffs also invoke the ADA, which "makes it unlawful to discriminate against people with disabilities in employment, transportation, public accommodation, communications, and governmental activities." Williams v. Progressive Ins. Co., No. 4:16-CV-01214 JAR, 2017 WL 1155894, at *1 (E.D. Mo. Mar. 28, 2017). Plaintiffs allege that they are disabled but go no further, failing to describe their impairments and failing to identify a "major life activity" those impairments limit. See 42 U.S.C. § 12102(1) (defining "disability" for the ADA's purposes). Plaintiffs do not allege that any Defendant employed any Plaintiff or that any Defendant is engaged in transportation or public accommodation. Plaintiffs name as Defendants the Sheriff of Cumberland County, North Carolina, and the Mayor of Fayetteville, North Carolina, but they have not sued any public entity for the ADA's purposes. See Green v. City of N.Y., 465 F.3d 65, 76 (2d Cir. 2006) ("[T]he principal actor in this case[] is not a proper defendant because he is an individual, not a public entity." (citation omitted)). The ADA's communications provisions apply only to hearing- and speech-impaired individuals, see 47 U.S.C. § 225, and Plaintiffs do not allege that they or anyone else involved in this dispute suffer from such an impairment.

Likewise, the FHAA applies only to discriminatory housing practices. See 42 U.S.C. § 3604; Martin v. Brondum, 535 F. App'x 242, 244 (4th Cir. 2013) ("[T]he Fair Housing Act . . . provides

8

that it shall be unlawful: 'To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.' In addition, the FHA prohibits representing 'to any person because of race, color, religion, sex, handicap, familial status, or national origin that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available.'" (quoting 42 U.S.C. §§ 3604(a), 3604(d))).[2] Plaintiffs do not allege that they sought housing from any Defendant or that any Defendant provides or markets housing in any way.

Finally, the No-FEAR Act "does not provide a private cause of action." Williams v. Spencer, 883 F. Supp. 2d 165, 182 (D.D.C. 2012) (citations omitted). Its invocation here is therefore frivolous.

Consequently, this court lacks subject matter jurisdiction over Plaintiffs' federal claims. The amended complaint does not denominate any claim under State law. However, to the extent any such claim could be construed, under 28 U.S.C. § 1367(c) a federal

---

[2] Unpublished opinions of the Fourth Circuit are not precedential. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (recognizing that "we ordinarily do not accord precedential value to our unpublished decisions" and that such decisions "are entitled only to the weight they generate by the persuasiveness of their reasoning" (citation omitted)).

district court "may decline to exercise supplemental jurisdiction" over State-law claims if "the district court has dismissed all claims over which it has original jurisdiction." The Fourth Circuit has noted in a similar circumstance that "[w]ith all its federal questions gone, there may be the authority to keep [the case] in federal court[,] . . . but there is no good reason to do so." Waybright v. Frederick Cty., Md., 528 F.3d 199, 209 (4th Cir. 2008). Because the court will dismiss Plaintiffs' federal claims, it will decline to exercise supplemental jurisdiction over any potential State-law claim. To the extent State-law claims may exist, therefore, they will be dismissed without prejudice.

Plaintiffs do not invoke diversity-of-citizenship jurisdiction except as a basis for venue. (Doc. 41 at 4; Doc. 78 at 10.) Even so, this court obviously lacks diversity jurisdiction over the case. Plaintiffs allege that they have suffered economic harm but do not allege or offer any evidence as to the dollar amount of damages they have suffered. (Doc. 41 at 10; Doc. 78 at 13.) They therefore fail to satisfy the amount-in-controversy requirement. See 28 U.S.C. § 1332(a). Further, Plaintiffs fail to allege complete diversity among all Plaintiffs and all Defendants. According to the amended complaint, all three Plaintiffs reside in North Carolina. (Doc. 41 at 4.) The amended complaint does not make allegations pertaining to any Defendant's citizenship, except to state that "[a]t least one or more of the

Defendants is from outside of the geographical location of the state of North Carolina." (Id. at 4.) Plaintiffs' own listing of Defendants identifies ten Defendants with North Carolina addresses, however. (Doc. 41 at 12-13.) To be sure, one Defendant, Laressa Witt, has lived in North Carolina for at least three years. (Doc. 20-1 at 1.) This destroys diversity jurisdiction, as "[a] case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 388, (1998) (citations and internal quotation marks omitted).

## III. CONCLUSION

For the reasons noted,

IT IS THEREFORE ORDERED that Defendants' motions to dismiss to the extent they are based on this court's lack of jurisdiction over the amended complaint's federal claims or, in the alternative, failure to state a claim as to them (Docs. 41, 48, 51, 56, 59, 62, and 73) are GRANTED, and the amended complaint (Doc. 41) is DISMISSED WITHOUT PREJUDICE AS TO ALL DEFENDANTS. Plaintiffs' motion to amend the complaint (Doc. 68) is DENIED as futile. Plaintiffs' motions for hearing are DENIED on the grounds they would not aid in the decisional process. All remaining motions are DENIED WITHOUT PREJUDICE AS MOOT.

/s/   Thomas D. Schroeder
                              United States District Judge
June 26, 2017